USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/27/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 44**

JESSE M. FURMAN, United States District Judge:

**[Regarding Certain Discovery Disputes]**

The parties raised several outstanding discovery disputes including Phase Two Discovery custodial search terms (*see* Order No. 31 ¶ 2(b)) and Plaintiffs' Consolidated Document Requests (*see id.* ¶ 6).  Pursuant to Order No. 39 Section IV, the parties submitted letter briefs and competing proposals for the Court's consideration (*see* Docket Nos. 732 and 734), and Plaintiffs have submitted a supporting declaration from Thomas Matzen (Docket No. 733).  Based on the Court's review of the parties' submissions, it is hereby ORDERED that:

1. *Phase Two Custodial Search Terms and Process.*  The Court adopts Plaintiffs' proposal for "qualitative validation," substantially for the reasons set forth in its letter brief.  (Docket No. 732).  Accordingly, pursuant to *Best Practices in E-Discovery in New York State and Federal Courts*, the parties are to engage in a process to qualitatively validate proposed Phase Two custodial search terms (*see* Order No. 31 ¶ 2(b)) in order to assess their effectiveness.  For purposes of starting this process, the Court adopts the Phase Two custodial search terms attached as Exhibit B to Plaintiffs' letter brief (Docket No. 732-2), subject to syntactical corrections and the completion of the appropriate custodial names.  New GM is directed to (a) run Plaintiffs' terms against the relevant custodial files; (b) disclose how many responsive documents were identified; (c) identify the "null set" of documents that were not responsive to the search terms, pull a random

1

sample of 2,000 documents across all custodians, and have experienced attorneys review this sample for responsive documents; (d) reveal how many responsive documents were found in the sample and provide the documents deemed responsive; and (e) confer with Plaintiffs to determine if any changes to the search terms are necessary and work towards an agreement on a final set of search terms.  The parties are to report back to the Court by April 3, 2015 with a joint filing explaining that agreement has been reached or file separate letter briefs not to exceed five pages in length setting forth the parties' competing positions.

2. *Scope and Timing of Custodial File Productions*.  The parties' custodial file productions under Order No. 36 in connection with depositions are to be determined by the Order No. 20 search terms approved by the Court and the Order No. 31 search criteria that will be discerned according to the process set forth in Paragraph 1 above.  The deadlines for the production of custodial files contained in Order No. 36 remain in effect.

3. *Plaintiffs' Superseding Consolidated Document Requests Related to Phase One Recalls*.  By April 15, 2015, New GM shall provide written responses to the Requests Related to Phase One Recalls (Requests for Production Nos. 1-50) in Plaintiffs' Revised First Set of Consolidated Requests for Production of Documents (the "Revised RFPs") and begin producing Phase One documents.  The parties are directed to meet and confer regarding those responses on April 16, 2015, and, on April 21, 2015, submit competing letter briefs not to exceed five pages on any unresolved objections.  The Court will resolve any differences at the April 24th Status Conference.  New GM is to substantially complete its production of responsive Phase One documents by May 5, 2015, in accord with Order No. 20.

4. *Plaintiffs' Superseding Consolidated Document Requests Related to Phase Two Recalls and Economic Loss Requests Related to Damages*.  By May 14, 2015 (unless counsel agree

in writing to a different deadline), New GM shall provide written responses to the Requests Related to Phase Two Recalls and Economic Loss Requests Related to Damages (Requests for Production Nos. 51-112) in Plaintiffs' Revised RFPs.  The parties are directed to meet and confer regarding those responses on May 15, 2015 (unless counsel agree in writing to a different deadline), and, on May 21, 2015 (unless counsel agree in writing to a different deadline), submit competing letter briefs not to exceed five pages on any unresolved objections.  Consistent with Order No. 31, New GM shall begin a rolling production of documents responsive to Plaintiffs' Requests Related to Phase Two Recalls by June 5, 2015, and will substantially complete its responsive productions by October 31, 2015.  The parties shall meet and confer with respect to the production of documents responsive to Plaintiffs' Economic Loss Requests Related to Damages, mindful of Plaintiffs' stated willingness to postpone the production of such documents until (1) after resolution of the pending motions to enforce before the Bankruptcy Court and (2) this Court's consideration of any motions to dismiss the economic loss claims.

SO ORDERED.

Dated: March 27, 2015
New York, New York

JESSE M. FURMAN
United States District Judge