USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/02/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*
------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On February 8, 2016, New GM filed a brief requesting that three documents relating to its settlement with certain MDL Plaintiffs remain under seal: the Confidential Memorandum of Understanding ("MOU"), the Joint Retention Agreement for Special Masters Daniel Balhoff and John Perry, and the Joint Retention Agreement for the Qualified Settlement Fund ("QSF") Trustee. (*See* Docket No. 2252). The Court directed anyone opposing the permanent sealing of these documents to respond no later than February 19, 2016. (*See* Docket No. 2255). No one filed any opposition. In light of the fact that the request is unopposed, and because the Court finds that the sealing of the three documents is consistent with the presumption of access to judicial documents, New GM's application is GRANTED.

As an initial matter, the Court finds — contrary to New GM's contentions — that the three documents at issue are, in fact, "judicial documents." (*See* General Motors LLC's Request That Confidential Private Settlement Documents Remain Sealed Be Returned (Docket No. 2252) ("New GM's Mem.") 12-14). A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted). Here, although judicial approval of the settlement itself was not required, and the parties did not attach the documents at issue to their motions to appoint the Special Masters and establish the QSF, the parties did call

upon the Court to exercise its judicial authority to facilitate the settlement by appointing special masters and establishing the QSF.  In exercising its authority, the Court concluded it had to — and did — review the documents at issue.  (Among other things, the proposed order appointing the special masters incorporated by reference some of the documents at issue.  (*See* Docket No. 1853).)  It follows that the documents at issue are judicial documents.

The three documents at issue are therefore subject to the presumption in favor of public access.  Nevertheless, the Court finds that their sealing is appropriate because the presumption is very weak and there are significant countervailing interests.  The presumption of public access is derived from two sources: the First Amendment and the common law.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, — F.3d —, 2016 WL 730732, at *5 (2d Cir. Feb. 24, 2016); *Lugosch*, 435 F.3d at 121.  The First Amendment concerns here are minimal; settlement materials are traditionally kept confidential, not publicly filed, and, because they concern the terms of a confidential settlement (a corollary issue to the main litigation and the fact of which is already public), their availability is not necessary to allow the public to follow the case or to provide the public with "the capacity to attend the relevant proceedings."  *Bernstein*, 2016 WL 730732, at *5.  The weight of the common law presumption of public access, on the other hand, depends on "(1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts."  *Id.* at *7 (internal quotation marks omitted).  In this case, appointing the Special Masters and approving the QSF are not core Article III activities; indeed, they concern a settlement process that is by and large independent from the litigation proceeding under the purview of this Court. Thus, having access to the documents at issue would provide little, if any, information to

someone monitoring the federal courts.  That is borne out by the fact that no one has requested that the documents be made public.[1]

By contrast, the interests in favor of keeping the documents under seal are weighty.  First, the Court has no reason to doubt New GM's argument that disclosure of the settlement documents would impair ongoing settlement discussions with other MDL Plaintiffs.  (*See* New GM's Mem. 7, 17-18).  The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement — particularly where, as here, "a case is complex and expensive, and resolution of the case will benefit the public." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998); *accord Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *see also, e.g.*, *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) (observing that "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases").  Second, although somewhat less compelling, disclosure of the MOU could implicate the privacy interests of Plaintiffs who are part of the settlement group.  In light of the foregoing, and mindful

---

[1] In light of the two motions recently filed by Lance Cooper — one to undo the QSF and the other to remove Lead Counsel — the public interest in the contents of the settlement documents is arguably higher here than it would be in other circumstances.  (*See* Docket Nos. 2179, 2182, 2285).  The parties to the settlement, however, could not have anticipated those motions when they reached agreement, and therefore justifiably relied on the reasonable assumption that the documents would remain confidential.  Furthermore, Cooper's motions have already been denied, and he himself chose not to file any request to unseal the documents.  (*See* Docket No. 2263).  Accordingly, what additional public interest there is in the documents is marginal, and does not outweigh the interests in confidentiality discussed below.

that MDL courts have kept similar materials under seal (*see* New GM's Mem. 15-16 & nn.6-7), the Court will maintain the MOU and Retention Agreements under seal.[2]

     SO ORDERED.

Dated: March 1, 2016
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge

---

[2] Because the Court finds that sealing is consistent with the presumption of public access, it need not and does not address New GM's argument that Order No. 42 precludes disclosure of the settlement documents. (*See* New GM's Mem. 7-10).

4