USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/04/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

**[Regarding New GM's Motion *in Limine* To Exclude Certain Cobalt Conduct Evidence from Bellwether Phase Two, Category C Trials (Motion *in Limine* No. 32)]**

At the February 10, 2017 status conference in this multidistrict litigation ("MDL") — familiarity with which is assumed — the Court agreed to entertain "accelerated" motion *in limine* briefing on certain issues relating to trials in Category C of Bellwether Phase Two, cases involving non-Cobalt Unintended Key Rotation Vehicles with airbag non-deployment. (MDL Order No. 122 (Docket No. 3703); *see also* MDL Order Nos. 107 (Docket No. 3081) and 121 (Docket No. 3659)). Thereafter, New GM filed a motion seeking to exclude — on a categorical basis — "four discrete categories of Cobalt-related evidence," namely (1) the Statement of Facts accompanying the Deferred Prosecution Agreement; (2) the Valukas Report; (3) the NHTSA Consent Decree, "Path Forward" Report, and "Workforce Assessment" Report; and (4) purported other similar incident ("OSI") evidence arising from accidents involving Cobalt Vehicles. (Docket No. 3739 ("New GM Mem."), at 1-2; *see* Docket No. 3738).

Upon review of the parties' briefing (Docket Nos. 3739, 3766, and 3783), New GM's motion is DENIED as premature and overbroad, substantially for the reasons stated in Plaintiffs' memorandum of law. (Docket No. 3766 ("Pls.' Mem")). New GM's motion is premised on the

theory that the evidence at issue is specific to Cobalt Vehicles and that non-Cobalt Vehicles are "different cars with different ignition switches and systems." (New GM Mem. 2). But Plaintiffs make a strong argument that New GM exaggerates the differences, citing New GM's own descriptions and treatment of the two kinds of ignition switches. (Pls.' Mem. 2-7, 14-15). And, in any event, Plaintiffs have not had an adequate opportunity to fully develop the record on the issue, as expert opinions in connection with the first Category C trial were not due until last week. (MDL Order No. 118 (Docket No. 3559), ¶ 21(a); *see* Pls.' Mem. 5 n.11).

In any event, the Court is not prepared, let alone on the current record, to categorically exclude the evidence at issue. As Plaintiffs note, the Statement of Facts, the Valukas Report, and the NHTSA Consent Order all "contain admissions regarding Old GM's and New GM's structure, knowledge, conduct, and culture that are equally applicable" to the Cobalt Vehicle recalls and the recalls of non-Cobalt Vehicles. (Pls.' Mem. 7-9, 12-14). That is, some evidence concerning Cobalt Vehicles is plainly relevant to Category C Plaintiffs' claims as it tends to prove, among other things, New GM's notice of the alleged defect and its awareness that the alleged defect raised serious safety issues. Further, on the present record, the Court cannot find as a categorical matter that the probative value of the evidence is outweighed, let alone substantially so, by the dangers of unfair prejudice, jury confusion, and waste of time. *See* Fed. R. Evid. 403. Relatedly, on the present record, the Court cannot make the fact-specific determinations necessary to resolve whether Cobalt Vehicle OSI evidence would be admissible in a Category C trial. *See Cockram* OSI Op. (Docket No. 3239), at 8 ("[T]he OSI evidence that may be admitted in any given case will turn on the particular facts of the case, the legal claims being asserted, and the applicable law — all of which are likely to vary somewhat between and among cases.").

None of that is to say that the evidence New GM seeks to exclude should or will be admitted whole hog at any future Category C trial. New GM may be able to make the case for excluding specific evidence relating to Cobalt Vehicles — on the grounds of confusion, cumulativeness, or waste of time, for example. But the appropriate time to address those arguments is closer to trial, when the record will be more fully developed and the contours of the trial will be clearer. In connection with prior bellwether trials, the Court developed effective procedures to raise and address precisely such objections. (*See, e.g.*, MDL Order No. 100 (Docket No. 2836), ¶ 2(i); MDL Order No. 120 (Docket No. 3651), ¶ 2(i); *see also* Docket No. 2019 (ruling on New GM's targeted Rule 403 objections to specific excerpts of the Valukas Report selected by the plaintiff for admission at trial, after having denied New GM's motion to exclude the Valukas Report in its entirety)). Put simply, New GM fails to provide any reason to depart from those time-tested procedures in its present motion.[1]

Accordingly, New GM's Motion *in Limine* 32, which seeks an across-the-board ruling categorically excluding certain evidence relating to Cobalt Vehicles, is DENIED. That denial, however, is without prejudice to renewal by New GM when the record is fully developed and without prejudice to New GM's objection, pursuant to the MDL's standard procedures, to specific evidence that a plaintiff seeks to offer from the evidence at issue here.

---

[1] The Court agreed with New GM's argument in favor of entertaining this "accelerated" motion *in limine* — namely, that, having presided over this MDL for close to three years, it has a more intimate familiarity with the issues raised than any other tribunal and that its early consideration of New GM's arguments might promote efficiency by providing helpful guidance to state courts with upcoming trials raising similar issues. (Feb. 10, 2017 Status Conf. Tr. 17-27). The interest in efficiency, however, does not trump the Court's interest in ensuring that its decisions are based on a properly developed record — and the need to provide the parties with an adequate opportunity to develop the record and present their strongest arguments.

The Clerk of Court is directed to terminate 14-MD-2543, Docket No. 3738.

SO ORDERED.

Dated: May 4, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge